# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LISA PEREZ,

       Plaintiff,

v.                                                          No. CIV-01-0545 WJ/RLP

CENTRAL REGIONAL
EDUCATIONAL COOPERATIVE, Rae Ann Ray, et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant Rae Ann Ray's Motion for Summary Judgment on Claims One Through Three and Motion to Dismiss Claims Four Through Eleven, filed December 23, 2002 **(Doc. 111)**. In this employment case, Plaintiff Lisa Perez alleges abusive treatment and harassment by Defendant Rae Ann Ray, who was a co-director at Central Region Education Cooperative ("CREC") and Plaintiff's immediate supervisor. Perez was employed at CREC as a receptionist from 1995 through 1999. She contends that Defendant Ray's harassment forced her to take medical leaves of absences which culminated in her constructive discharge after her third leave of absence.

The original complaint included federal claims which served as the basis for Defendants' removal of this case. On April 9, 2002, all the federal claims were dismissed, and this Court retained supplemental jurisdiction under 28 U.S.C. § 1367 (Doc. 74). The remaining state law claims are set forth in the Third Amended Complaint:

(1)    Harassment and Discrimination based on serious Medical Condition Pursuant to New Mexico Human Rights Act, N.M.Stat.Ann.§§ 28-1-1 to 28-1-1 to 28-1-7, 28-1-9 to 28-1-14 ("NMHRA");
(2)    Failure to Accommodate Serious Medical Condition Pursuant to NMHRA;
(3)    Constructive Discharge Based on Serious Medical Condition Pursuant to NMHRA;

(4), (5), (6), (7), (8)   Breach of Employment Contract
(9)      Breach of Covenant of Good Faith and Fair Dealing
(10)     Intentional Infliction of Emotional Distress by Defendant Ray
(11)     Prima Facie Tort by Defendant Ray.

Defendant Ray ("Defendant") seeks summary judgment on Claims One through Three, and dismissal under Fed.R.Civ.P. 12(b)(6) on Claims Four through Eleven.

*Legal Standards*

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Shoultz v. Monfort of Colorado, Inc., 754 F.2d 318, 321 (10th Cir. 1985) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). When reviewing a motion to dismiss, I must presume that all the plaintiff's factual allegations are true and construe reasonable inferences in favor of the plaintiff. Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987).

In order to prevail on summary judgment for the dismissal of Claims One through Three, Defendant must demonstrate that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Because Defendant does not bear the ultimate burden of persuasion at trial, she may satisfy her burden at the summary judgment stage by identifying "a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 671 (10th Cir.1998). In this case, to avoid summary judgment, Plaintiff must establish, at a minimum, an inference of the presence of each element essential to the case. Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir.1994).

**Background**

Defendant sets out the relevant facts as set forth in the complaint, recognizing that at least

2

for purposes of Defendant's motion, these facts will be assumed as true. <u>Dewell v. Lawson</u>, 489 F.2d 877, 879 (10th Cir. 1974) (On ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true). Since Defendant has chosen to combine a motion to dismiss and a motion for summary judgment,[1] the Court assumes that the "Relevant Facts" section (Section III) of Defendant's brief serves also as the section which laying out the undisputed facts, as required by D.N.M.L.R.56(b).[2]

These facts depict Defendant as an abusive supervisor, whose mean and intimidating behavior toward her subordinates caused some CREC employees to resign or to be fired as a result of her mistreatment. Plaintiff describes Defendant engaging in fits of rage toward her; verbally belittling and degrading Plaintiff; forcing Plaintiff to endure physically demeaning activities (such as sitting in silence for several minutes, glaring into Plaintiff's eyes or demanding that Plaintiff look at her); screaming and yelling at Plaintiff, often right in her face, and physically restraining and confining Plaintiff in an office against her will. Other conduct exhibited by Defendant allegedly affected Plaintiff's work environment, such as avoiding answering work-related questions, singling out Plaintiff to perform work details no other worker was required to do; and denying Plaintiff her comp and leave time routinely granted to other employees.

### Discussion

*Claims One through Three*

The first three claims in the Third Amended Complaint are alleged as violations of the

---

[1] Under this Court's Administrative Order 92-88 (May 4, 1992), parties requesting separate types of relief are required to submit each matter in separate pleadings.

[2] Local rule 56(b) requires, in part, that the moving party must include in the supporting memorandum "a concise statement of all of the material facts as to which movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies."

NMHRA, which requires exhaustion. Phifer v. Herbert, 115 N.M. 135, 138 (Ct.App.1993) ("Compliance with the grievance procedure of the [NMHRA] is a prerequisite to suit under this Act."). Defendant contends, however, that this Court lacks jurisdiction over any action against her under the Act because Perez did not name Defendant as a respondent in the administrative proceeding and thus failed to administratively exhaust her claims against Defendant. Sonntag v. Shaw, 130 N.M. 238, 243 (2001) (Under the NMHRA, a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party); Luboyeski v. Hill, 116 N.M. 380, 382-83 (1994) (individual defendants cannot be sued in district court under the Human Rights Act unless and until the complainant exhausts her administrative remedies against them).

Plaintiff points out that Defendant's own Exhibit A indicates that Plaintiff alleged that she was severely abused by the "Executive Director". Also, Plaintiff's affidavit attached to her complaint filed with the Human Rights Division ("HRD") names the "Executive Director"as the individual against whom she lodged the claim and specifically names Rae Ann Ray as the Director. Exhibit 28. Thus, Plaintiff provides an adequate factual basis for the denial of summary judgment on Claims One through Three.

*Claims Four through Nine*

Plaintiff contends that although the contract of employment was between CREC and Ms. Perez, Defendant can nevertheless by liable for breach of that contract because she acted beyond her authority by taking inappropriate actions relating to the terms of the contract. In support of this contention, Plaintiff cites to Bourgeous v. Horizon Healthcare Corp., 117 N.M. 434, 437 (1994), which Plaintiff incorrectly infers has left open the question of whether a supervisor agent of a corporation can be liable for breach of a contract to which he or she is not a party when

4

acting outside the scope of authority. Bourgeous stands for no such proposition. The question Bourgeous leaves open is whether a supervisor agent or co-employee can be liable for a retaliatory discharge claim (*not* breach of contract) "if the firing was an intentional act done solely for the supervisor, agent, or co-employee's own interest and therefore outside the scope of employment."

Plaintiff offers no basis for modifying the traditional principles of contract law. It is undisputed that Defendant was not a party to the employment contract between CREC and Plaintiff. Thus, there appears to be no basis for breach of contract claims against Defendant. See Staley v. New, 56 N.M. 756, 758, 250 P.2d 893, 894 (1952) ("It is the general rule of law that one who is not a party to a contract cannot maintain a suit upon it.") Tarin's, Inc. v. Tinley, et al., 128 N.M. 185, 190 (Ct.App. 1999) ("Ordinarily, the obligations arising out of a contract are due only to those with whom it was made; a contract cannot be enforced by a person who is not a party to it or in privity with it"); See Strata Prod. Co. v. Mercury Exploration Co., 121 N.M. 622 (1996) (investors were not in contractual privity with owner and, thus, were not entitled to any recovery from owner). Plaintiff offers no legal basis for the proposition that Defendant steps into privity with CREC, her employer, by the sole fact of her supervisory status, or by her inappropriate conduct taken outside the scope of her authority. Cmp., e.g., Sundance Mechanical and Utility Corp. v. Atlas et al., 118 N.M. 250, 255 (1994) (mechanics' and materialmen's lien statute, "creates privity of contract between the owner and those contributing to the enhancement of the property").

Whether or not Defendant acted outside scope of duties has no bearing on whether she can be liable for breach of contract claims. However, while her conduct would not give rise to pure breach claims, Defendant may be liable for her conduct under tort principles. See, e.g.,

5

Brown v. State Farm Fire & Casualty Co., et al., 58 P.2d 217 (Ct.App. Okla, 2002) (independent insurance adjuster that was acting as an agent of homeowners' insurer in carrying out a fire investigation was not liable on a theory of tortious interference with the insured's contract with the insurer, absent an allegation that it was acting outside the scope of its agency); Martin v. Johnson et al., 975 P.2d 889, 896-96 n.8 (Okla, 1998) ("If an employee acts in bad faith and contrary to the interests of the employer in tampering with a third party's contract with the employer we can divine no reason that the employee should be exempt from a tort claim for interference with contract," and citing numerous examples for same proposition). Accordingly, because Plaintiff has no legal basis upon which to sue Defendant for breach of employment contract, Claims Four through Nine of the Third Amended Complaint shall be dismissed with prejudice.

*Claims Ten and Eleven*

Claims Ten and Eleven are tort claims of intentional infliction of emotional distress ("IIED") and prima facie tort. Defendant is generally correct that these claims are properly brought under the New Mexico Tort Claims Act, § 41-4-4 et seq. ("TCA"). A state's sovereign immunity precludes suits against a state or its employees except as specified where immunity has been waived. College Savings Bank v. Fl. Prepaid Postsecondary Education Expense Bd., U.S. 527, 666, 675 (1999), cited in Ward v. Presbyterian Healthcare Svs., 72 F.Supp.2d. 1285, 1293 (D.N.M. 1999). These waivers apply to torts of employees who are acting within the "scope of duties" which is defined as those duties which "a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." N.M.Stat.Ann. § 41-4-3(G); Quezada v. County of Bernalillo, 944 F.2d 710, 720 (10th Cir. 1991) (citing Silva v. New Mexico, 106 N.M. 472, 477 (1987));  (recognizing New

6

Mexico law on respondeat superior).

Because the tort of IIED is not one of the enumerated acts under the TCA, immunity has not been waived for Plaintiff's Claim Ten of IIED. Romero v. Otero et al, 678 F.Supp. 1535, 1540 (D.N.M. 1987); Silva v. Town of Springer et al, 121 N.M. 428, 435 (Ct.App. 1996). Similarly, there is no waiver in the TCA for claims based on prima facie tort. Silva v. Town of Springer et al, 121 N.M. 428, 435 (Ct.App. 1996) ( prima facie tort claim summarily dismissed where plaintiff failed to show that the acts of defendants fell within a recognized exception to the immunity granted to public officers under the Tort Claims Act). Therefore, unless Plaintiff can show that Defendant was acting outside the scope of duty, these claims should be dismissed under Fed.R.Civ.P. 12(b)(6).

Regardless of the inappropriateness of Defendant's conduct, it seems clear from the allegations in the complaint that Defendant's actions toward Plaintiff were within the scope of duties that CREC "requested, required or authorized." See Risk Management Division v. McBrayer, 129 N.M. 778, 784 (Ct.App. 2000) (issue of whether acts were within scope of duty of instructor centered on what university requested, required, or authorized as it related either generally or specifically to his duty as instructor to help a student obtain her homework assignments). The inquiry into whether a defendant was acting within the scope of employment "is not determinable by any one criterion," but should be examined on "various considerations or factors." Narney v. Daniels, 115 N.M. 41, 49 (Ct.App. 1992) (concluding that no reasonable trier of fact could conclude that psychotic police officer was acting in the course and scope of his employment when he terrorized plaintiffs).

This inquiry considers whether a defendant was acting "in furtherance of the employer's business, even though expressly unauthorized." Narney,115 N.M. at 49 (setting out relevant test

7

and relying on factors set forth in <u>Sawyer v. Humphries</u>, 322 Md. 247, 587 A.2d 467 (1991)). Another aspect of the inquiry is to determine whether the alleged acts occurred "during a period not unreasonably disconnected from the authorized period of employment in a locality not unreasonably distant from the authorized area, and actuated at least in part by a purpose to serve the master." <u>Narney</u>, 115 N.M. at 49.  In this case, Defendant's conduct not only occurred in the workplace, but grew out of Defendant's relationship as Plaintiff's supervisor, such as allegations of Defendant's avoiding Plaintiff's work-related questions, requiring Plaintiff to perform certain work details, and making unfavorable decisions regarding Plaintiff's leave time.  Regardless of whether Defendant's conduct toward Plaintiff was appropriate, or whether it could be characterized as an abuse of her authority, Defendant's acts were clearly undertaken as an exercise of her role and function as a CREC supervisor. <u>Cmp</u>. <u>Sawyer v. Humphries</u>, 322 Md. 247, 587 A.2d 467 (1991) (off-duty police officer who was off duty, who had a nervous breakdown and assaulted two motorists, was not acting within the scope of employment because the place of the arrest was too far removed from the place the officer was authorized to perform his duties, and the arrest occurred during a time that the officer  expressly told to take off) (cited by <u>Narney</u>, 115 N.M. at 49-50).[3]

     Accordingly, I find that Plaintiff's contention that Defendant was acting outside the scope of duties as defined under the TCA is unsupported by any of the alleged facts, which means that Plaintiff's tort claims against Defendant are limited to those for which the TCA provides waivers of immunity.  Since the Tort Claims Act does not include waivers of immunity for either of the

---

[3] It is plausible that unauthorized acts would fall within scope of duties as defined in the Tort Claims Act, since the alternative would make little sense. If unlawful acts "were always beyond the scope of officers' duties, and thus unauthorized, there could be no waiver of immunity for them." <u>Narney</u>, 115 N.M. at  48 (distinguishing "scope of duty" in Tort Claims Act from common-law concept of course and scope of employment).

claims alleged in Claims Ten and Eleven (IIED and prima facie tort), those claims must be dismissed.

**THEREFORE,**

**IT IS ORDERED** that Defendant Rae Ann Ray's Motion for Summary Judgment on Claims One Through Three and Motion to Dismiss Claims Four Through Eleven **(Doc. 111)** is GRANTED IN PART and DENIED IN PART as follows, and as further set forth above: summary judgment is DENIED as to Claims One through Three, and dismissal under Fed.R.Civ. P. 12(b)(6) is GRANTED as to Claims Four through Eleven.

_____
UNITED STATES DISTRICT JUDGE