# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LISA PEREZ,

      Plaintiff,

v.                                              No. CIV-01-0545 WJ/RLP

CENTRAL REGIONAL
EDUCATIONAL COOPERATIVE, Rae Ann Ray, et al.,

      Defendants.

### MEMORANDUM OPINION AND ORDER
### ON PLAINTIFF'S MOTION TO ENTER JUDGMENT

THIS MATTER comes before the Court upon Plaintiff's Motion to Enter Judgment, filed December 4, 2003 **(Doc. 248)**. Defendants have filed separate responses. Having considered the parties' submissions and the applicable law, I grant Plaintiff's Motion to Enter Judgment only in part, for reasons given below.

The case was removed by Defendants to federal court on the basis of original and supplemental jurisdiction, under 28 U.S.C. § 1441(b) and § 1367(a). After the federal claims were voluntarily dismissed by Plaintiff, the case proceeded to trial solely on state law claims which were brought under the New Mexico Human Rights Act, N.M.S.A., § 28-1-7.[1] Following a nine-day trial from June 16 - 24, 2003, the jury returned a verdict for Plaintiff in the amount of $1,200,000.00. Since that time, the parties have engaged in unsuccessful attempts to negotiate a settlement. Plaintiff now presents a form of judgment for the Court's approval which includes an

---

[1] The Court decided against remand mainly on the basis that discovery had been nearly completed and on "factors of convenience and judicial economy. . . ." Doc. 74.

award of prejudgment interest in the amount of $348,800.00, and post-judgment interest at the present statutory rate of 1.35% pursuant to 28 U.S.C. § 1961, to accrue from the date the Order of Judgment is entered. Defendants object to Plaintiff's requests for both types of interest. Defendant CREC has also submitted a form of Judgment which omits any interest award.

## I.     Prejudgment Interest

Where state law claims are before a federal court on supplemental jurisdiction, state law governs the court's award of prejudgment interest. Mills v. River Terminal Ry. Co., 276 F.3d 222, 228 (6th Cir.2002); Olcott v. Delaware Flood Co., 327 F.3d 1115, 1126 (10th Cir. 2003). The New Mexico statute governing the computation of interest for judgments and decrees provides that:

> The court in its discretion may allow interest of up to ten percent from the date the complaint is served upon the defendant after considering among other things:
>
> (1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and
>
> (2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff.

N.M.S.A. § 56-8-4(B). Under the statute, the state and its political subdivisions are exempt from the assessment of interest against the state or its political subdivisions. § 56-8-4(D); Gonzales v. N.M. Dep't of Health, 129 N.M. 586, 597 (2000). Plaintiff explains that prejudgment interest is sought not against the state, but is based on Defendant Ray's status as a non-state Defendant in this case, together with the fact that the jury found that Defendant Ray had committed violations of the New Mexico Human Rights Act ("Human Rights Act" or "Act").

For Question Number Two on the Special Verdict Form, when asked if Defendants

conducted discriminatory harassment against Plaintiff Lisa Perez based on her serious medical condition as the condition existed at the time of her employment, the jury answered:

    Defendant Rae Ann Ray    Yes _X_    No ____

    Defendant CREC    Yes _X_    No ____

On Question Number Three, when asked if Defendants failed to reasonably accommodate Plaintiff Lisa Perez because of her serious medical condition, the jury answered:

    Defendant Rae Ann Ray    Yes _X_    No ____

    Defendant CREC    Yes _X_    No ____

    Defendants objections are multifaceted. They contend that the imposition of prejudgment interest upon Defendant Ray personally is improper because Defendant Ray cannot be held personally liable for violations of the Human Rights Act by her employer. They base this contention on the general scheme of the Human Rights Act, which purports to hold employers liable for unlawful discriminatory practices. Regulations issued under the Act define "employer" as "any person employing four or more persons and any person acting for an employer, including but not limited to, employment agencies." N.M.Admin.Code 9.1.1, § 7.13.[2] Defendants further

---

[2] It is interesting that although both CREC and Ray oppose award of prejudgment interest, they approach the issue from opposing assumptions. Defendant Ray proposes that the phrase "person acting for the employer" within the text of the statute refers to the employer, and that the acts of such an individual (e.g., Defendant Ray) only serve to confer liability on the employer. Thus, Defendant Ray argues that she cannot be Plaintiff Perez' "employer" under the plain meaning of the Human Rights Act. Defendant CREC, on the other hand, attacks the issue from a different angle, contending that the phrase "person acting for the employer" transforms Ray *into* the employer, but that as such, she becomes one and the same entity - and therefore cannot be subject to separate liability apart from the liability imposed on the employer-entity. Both arguments end up agreeing that an award of prejudgment interest cannot be based on claims against Defendant Ray.

contend that the discretionary factors under § 56-8-4(B) do not support an award of prejudgment interest, and in addition, that the amount requested by Plaintiff is excessive.

The points raised by Defendants concerning the imposition of individual liability on Ray have already been considered by the Court prior to trial. Early in the case, I allowed Plaintiff's claims to proceed against Defendant Ray individually even though Defendant Ray had not been separately named and served on the Human Rights Division charging form, because she was specifically identified in Plaintiff's affidavit accompanying the completed form (see Doc.144 at 4) and because Defendant Ray was aware of the charges Plaintiff brought against her, and in fact provided the Human Rights Division with a lengthy statement as a form of response during the ongoing investigation into Plaintiff's discrimination charge (see Doc. 158 at 2-3).

Defendants' objection to imposing prejudgment interest upon Ray individually is a matter of some concern and not easily rejected. Shortly before trial, by way of clarifying some of the issues raised just prior to trial, I had indicated that New Mexico case law strongly supported "the notion that individual liability exists under the Human Rights Act." Doc. 237 at 2 ("Order Regarding Jury Instructions"). However, the reality is that New Mexico case law has not quite jelled on the issue. Given the language of the Act which envisions *employer* liability, and the fact that the Act's framework is reminiscent of analogous federal civil rights law, the ramifications of individual liability are still unclear. See, e.g., Perry v. Woodward, 188 F.3d 1220, (10th Cir. 1999), cert denied, 529 U.S. 1110 (2000) (applying shifting burden analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) to claim under Human Rights Act); Trujillo v. N. Rio Arriba Elec. Coop., 131 N.M. 607, 613 (2002) (noting closest federal counterpart to Human Rights Act claim of discrimination based on handicap is the Americans

4

With Disability Act).

The jury's findings on the Special Verdict do not necessarily mandate an award of prejudgment interest against Defendant Ray individually. Those findings would still be consistent with a scheme that attributes liability to CREC based on Ray's conduct, such as would occur with a Title VII action.[3] However, my decision here regarding an award of prejudgment interest is not based on whether Ray is liable to Plaintiff individually, but rather on a consideration of the discretionary factors under § 56-8-4, as well as others not specifically enumerated in the statute. See Gonzales v. New Mexico Dept. of Health, 129 N.M. 586, 598 (2000) (An interest award on judgments and decrees for the payment of money is not an absolute right, but rather is a matter to be left to the discretion of the trial court); Gonzales v. Surgidev Corp., 120 N.M. 133, 150 (1995) (discretionary factors under § 56-8-4 are not exclusive).  One of the purposes of the prejudgment statute is to "encourage settlement and prevent delay." Lucero v. Aladdin Beauty Colleges, 117 N.M. 269, 272 (1994). The statute's purpose is not served here, where any delays that occurred were of Plaintiff's own making.[4] While settlement negotiations were recently revisited with no

---

[3] For example, Title VII allows claims only against the employer. An individual supervisor cannot be held personally liable under Title VII. Haynes et al v. Williams et al, 88 F.3d 898 (10th Cir. 1996); Harrison v. Potash, Inc.,112 F.3d 1437 (10th Cir. 1997), judgment vacated and remanded on other grds.,158 F.3d 1371, 1374 (10th Cir. 1998) (purpose of defining "supervisor" is to establish liability of employer through supervisor when supervisor not named directly); Parkins v Civil Constructors of Ill, Inc., 163 F.3d 1027, 1033 (7th Cir. 1998) (absent an entrustment of at least some authority to hire, fire, demote, promote, transfer, or discipline another employee, an employee does not qualify as a supervisor *for purposes imputing liability to the employer*) (emphasis added).

[4] Plaintiff amended her complaint twice after the case was removed (Docs. 16 and 98), and sought remand after discovery was nearly complete and after eight months after Defendants removed the case to federal court.

success, settlement failure was not due to unreasonable delay on the part of any Defendant. Any intractable positions of the parties more likely than not had something to do with the hefty monetary damages the jury awarded the Plaintiff. Cmp., Abeita v. Northern Rio Arriba Elec. Co-op., 124 N.M. 97, 110 (Ct.App. 1997) (affirming district court's denial of prejudgment interest where court had determined that defendant had not been the source of unreasonable delay and that there were difficult legal issues which probably precluded settlement). Therefore, Plaintiff shall not receive prejudgment interest. This decision obviates the need to address Defendants' challenge to the excessiveness of the requested amount of pre-judgment interest.

## II.     Postjudgment Interest

Plaintiff requests post-judgment interest under the federal post-judgment statute, 28 U.S.C. § 1961.[5] Defendants object not to the rate of interest under this statute, but to the imposition of any post-judgment interest. Defendants concede that § 1961 has been held to apply to claims brought into federal court on the basis of diversity. Plaut v. Estate of Rogers, 959 F.Supp. 1302, 1309 (D.Colo. 1997) (federal law establishes appropriate postjudgment interest rate in all cases in federal court, including diversity cases); Everaard v. Hartford Accident & Indemnity Co., 842 F.2d 1186, 1193-94 (10th Cir.1988); Forest Sales Corp. v. Bedingfield, 881 F.2d 111 (4th Cir. 1989); Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc. 848 F.2d 613,

---

[5] The statute provides that: "(a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."

622 (5th Cir. 1988) (agreeing with the Eighth, Tenth and Eleventh circuits which have expressly held that the amended federal postjudgment interest statute applies in diversity cases) (citing Everaard v. Hartford Accident & Indem. Co., 842 F.2d 1186 (10th Cir.1988), G.M. Brod & Co. v. U.S. Home Corp., 759 F.2d 1526, 1542 (11th Cir.1985) (per curiam) and Weitz Co. v. Mo-Kan Carpet, Inc., 723 F.2d 1382, 1385-87 (8th Cir.1983)).[6]

However, Defendants urge the Court to follow the state interest statute, § 57-8-4, which exempts states and its political subdivisions from the imposition of interest, as the substantive law of the case. They also argue that because this was not a diversity case, and the Court exercised supplemental jurisdiction over Plaintiff's state claims, the case law mentioned above can be ignored.  Defendant CREC quotes Weitz, 723 F.2d at 1386 in support for its proposition that postjudgment interest should be classified as a substantive issue which is governed by reference to state law, because it relates to "the parties' primary out-of-court conduct." Id. at 1386 (citing Hanna v. Plumer, 380 U.S. 460, 474-75 (1965)).  As CREC acknowledges, Weitz ultimately concluded that a "rule specifying the rate of interest that a judgment will bear is clearly outside this category." Defendant CREC nevertheless insists that the Weitz holding was specific to the *rate* of interest, as distinct from the question of whether postjudgment interest should be awarded. I find that this distinction trifles with the analysis in Weitz, which expressed doubt that anyone "plan[ned] business conduct . . . for the purpose of obtaining the benefit of a federal statute on postjudgment interest." Weitz also stated that the result of the statute was to "avoid frivolous

---

[6] There is little disagreement among courts regarding the applicability of § 1961 to diversity claims. However, the dissent in Weitz reasoned that postjudgment interest on claims which are based solely on state law should be determined by referring to the law of the state in which the cause of action arose. 723 F.3d at 1388.  Also, a federal district court in Illinois agreed with the Weitz dissent agreed for the same reason.

7

appeals. . . and to encourage prompt payment of judgments to people who are owed money." At 1386-87. The discussion is clearly directed to the application and correctness of the federal postjudgment statute, and not merely to the rate it imposes.

As to Defendants' second theory – that because Plaintiff's claims were heard on supplemental jurisdiction, and were not in federal court on a diversity basis, the federal interest statute does not apply -- again, Defendants argue the presence of a distinction without a difference. They give no legal rationale, nor can I find any, for why supplemental claims would not be subject to 28 U.S.C. § 1961. The plain language of the statute does not favor excluding such claims: "Interest shall be allowed on *any money judgment in a civil case* recovered in a district court." § 1961(a) (emphasis added). In fact, one reason for the lack of case law addressing the issue of whether § 1961 governs supplemental claims may be that their inclusion is assumed. See, e.g., Adams-Arapahoe Joint School Dist. No. 28-J v. Continental Ins. Co., 891 F.2d 772, 780 (10th Cir. 1989) (stating that the "federal rate applies, *even* in diversity actions") (emphasis added) (citing Everaard v. Hartford Accident & Indemnity Co., 842 F.2d 1186, 1193-94 (10th Cir.1988)). Unlike claims brought into federal court under diversity jurisdiction, state claims heard in federal court under supplemental jurisdiction are "so related to claims in the action [that are federal claims] that they form part of the same case or controversy. . . ." 28 U.S.C. § 1367(a).

Accordingly, Plaintiff is entitled to postjudgment interest at the statutory rate in effect when the Judgment is entered by the Court, to accrue from the date the Court enters the Order of Judgment. See Grimsley v. MacKay, 93 F.3d 676, 678 (10th Cir. 1996) (Post-judgment interest automatically accrues from the date of judgment even absent an express statutory provision so

providing or express inclusion in the judgment itself); Jenkins by Agyei v. State of Missouri, 931 F.2d 1273, 1277 (8th Cir.1991) (postjudgment interest on the fees award should be calculated from the date judgment was entered).  Unlike the state statute governing pre- and postjudgment interest, 28 U.S.C. §1961 does not prohibit the imposition of interest on the state.[7]  Also unlike the state statute, this Court's discretion factor into a postjudgment interest award.  See Pace Communications, Inc. v. Moonlight Design, Inc. 31 F.3d 587, 591 (7th Cir. 1994) ("Civil litigants who win money judgments in district courts are entitled to post judgment interest. This much is guaranteed them by statute. . . .").

**II.    Conclusion**

This Court rejects both parties' forms of judgment.  Plaintiff shall not receive prejudgment interest for reasons set forth above, but is entitled to postjudgment interest by federal statute.

Defendant CREC requests that the entry of judgment be abated until fifteen days after completion and delivery of the transcript of trial, or that the court grant an extension of the deadline for the filing of post-trial motions until fifteen days after completion and delivery of the trial transcript.  Given the lack of discretion afforded the Court regarding extensions of time under Fed.R.Civ.P. 59, I will grant Defendants an abatement under the first option. The Court will abate entering an Order of Judgment for **ten (10)** days  following notification by the court reporter that the requested trial transcripts have been delivered.

**THEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Enter Judgment **(Doc. 248)** is hereby

---

[7] Section 1961 actually allows interest on final judgments against the United States "in the Unites States Court of Appeals for the Federal circuit. . . ."

GRANTED IN PART AND DENIED IN PART, as described above. A Judgment in accordance with this Memorandum Opinion and Order shall issue in accordance with my findings above.

_____
UNITED STATES DISTRICT JUDGE